UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| MARTI HINES, individually, 200 JOHN ST LLC d/b/a MERIT HAVEN, and THE H COLLECTIVE INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. _____ |
| v. | ) ) | |
| FAIRFIELD ATLANTIC, INC.; FAIRFIELD MEDIA PARTNERS LLC; FAIRFIELD ASSOCIATES LP; and JOSEPH PROFIT, individually, | ) ) ) ) ) | Judge: _____ |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiffs Marti Hines, individually, 200 John St LLC d/b/a Merit Haven, and The H Collective Inc. (collectively, "Plaintiffs"), by and through their undersigned attorneys, bring this Complaint against Defendants Fairfield Atlantic, Inc., Fairfield Media Partners LLC, Fairfield Associates LP, and Joseph Profit, individually (collectively, "Defendants"), and allege as follows:

### **Introduction**

1.      This is an action for breach of a written settlement agreement. In late 2025 and early 2026, Defendants defrauded Plaintiffs out of a $123,000 limited partnership investment and breached a clear contractual obligation to fund a $1,400,000 marketing commitment for Plaintiffs' documentary film, *All In My*

*Head*. Before Plaintiffs filed an underlying action for fraud and breach of contract, the parties resolved the dispute by entering into a written Settlement and Release Agreement dated April 23, 2026 (the "Settlement Agreement").

2.     Under the Settlement Agreement, Defendants agreed, jointly and severally, to pay Plaintiffs $1,548,000.00 (the "Settlement Amount") in full no later than May 14, 2026.

3.     Defendants have not paid. They have failed to remit any portion of the Settlement Amount by the contractual deadline, and they remain in Default under the Settlement Agreement.

4.     By this action, Plaintiffs seek a judgment against Defendants, jointly and severally, for the full unpaid Settlement Amount, accrued interest, attorneys' fees and costs, and such other relief as the Court deems just and proper.

## The Parties

5.     Plaintiff Marti Hines resides in Kissimmee, Florida. She is the founder and CEO of Merit Haven, a marketing firm that focuses on promoting voices of women of color in the arena of film and entertainment.

6.     Plaintiff 200 John St LLC, doing business as Merit Haven, is a limited liability company organized under the laws of Florida, with its principal place of business at 3240 Solstice Drive, Unit 401, Kissimmee, Florida 34736.

7.     Plaintiff The H Collective Inc. is a 501(c)(3) nonprofit organization registered in Kissimmee, Florida.

8.     Defendant Fairfield Atlantic, Inc. is a private investment firm organized under the laws of Delaware, with its principal place of business allegedly at 3455 Peachtree Road, Suite 500, Atlanta, Georgia 30326. Fairfield Atlantic serves as the Partnership Manager for Fairfield Associates LP.

9.     Defendant Fairfield Media Partners LLC is a limited liability company organized under the laws of Delaware, with its principal place of business allegedly at 3455 Peachtree Road, Suite 500, Atlanta, Georgia 30326.

10.     Defendant Fairfield Associates LP is a Delaware limited partnership with its registered office at 8 The Green, Suite A, Dover, DE 19901.

11.     Defendant Joseph Profit is an individual who, upon information and belief, resides in the State of Georgia. Profit allegedly serves as the Managing Director of Fairfield Atlantic, Inc. and Managing Member of Fairfield Media Partners LLC. Profit executed the Settlement Agreement in his individual capacity and is jointly and severally liable for the Settlement Amount.

**Jurisdiction and Venue**

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

Plaintiffs are citizens of Florida, and Defendants are citizens of Georgia and Delaware.

13.    This Court has personal jurisdiction over Defendants because, among other reasons, Defendants expressly and irrevocably submitted to the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division, in Section 13 of the Settlement Agreement. In addition, Defendants directed conduct giving rise to this action toward Plaintiffs in Florida, including by negotiating and executing the Settlement Agreement with Plaintiffs in Florida and by undertaking payment obligations to be performed for the benefit of Florida residents.

14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 13 of the Settlement Agreement, which provides that each Party irrevocably submits to the jurisdiction of the courts of the State of Florida located in Osceola County, Florida, and the United States District Court for the Middle District of Florida, Orlando Division. A substantial part of the events giving rise to Plaintiffs' claims also occurred in this District, including Plaintiffs' execution of, and reliance on, the Settlement Agreement, and the resulting harm suffered by Plaintiffs in this District.

**Factual Allegations**

**A. The Underlying Dispute**

15.   In December 2025, Plaintiffs and Defendants entered into two related agreements: (a) a Limited Partnership Agreement under which Plaintiffs committed to invest $123,000 in Fairfield Associates LP; and (b) a Marketing Commitment Letter executed by Fairfield Media Partners LLC and Joseph Profit, under which Fairfield agreed to provide $1,400,000 in marketing funding for Plaintiffs' documentary film, *All In My Head* (the "Commitment Letter").

16.   On December 31, 2025, Plaintiffs fully funded their $123,000 capital commitment under the Limited Partnership Agreement.

17.   In the subsequent weeks and months, Defendants sought to shirk their responsibility to fund the documentary film by engaging in a long-running pattern of misrepresentations regarding their liquidity, the imminence of funding, and the existence and disposition of certain purported bond assets. It became clear that Defendants never intended to honor their obligation to fund the $1,400,000 marketing commitment as required by the Commitment Letter.

18.   As such, Plaintiffs prepared and sent a draft complaint to Defendants and non-party Anthony Curtis. The complaint alleged fraud and breach of contract. Plaintiffs offered the Defendants (and non-party Anthony Curtis) an opportunity to

resolve the dispute short of litigation. While Mr. Curtis ignored the outreach, Defendants took Plaintiffs up on the offer.

**B. The Settlement Agreement**

19.    Plaintiffs and Defendants agreed to settle the dispute and therefore negotiated and executed the Settlement Agreement, which was effective as of April 23, 2026 (the "Effective Date"). Non-party Anthony Curtis is not a party to the Settlement Agreement, and Plaintiffs expressly reserved all claims, rights, and remedies against Mr. Curtis.

20.    Section 1 of the Settlement Agreement requires that Defendants, "jointly and severally, shall pay to Plaintiffs a total of $1,548,000.00 (the 'Settlement Amount'), consisting of: (i) $1,523,000.00, representing the base settlement for the resolution of the Dispute; and (ii) $25,000.00, representing reimbursement of attorneys' fees incurred by Plaintiffs as a result of the Settling Defendants' delays in payment." Section 1 further provides that "[p]ayment of the Settlement Amount must be completed in full no later than three (3) weeks following the Effective Date," by wire transfer to Plaintiffs.

21.    The three-week deadline for payment of the Settlement Amount fell on May 14, 2026.

22.    Section 5 of the Settlement Agreement defines a failure to timely make any payment required under Section 1 as a "Default" and sets forth a series of remedies upon Default. Specifically:

a. Under Section 5(a), "[n]on-payment of the Settlement Amount shall constitute a material breach of this Settlement and Release, and Plaintiffs shall have the right to pursue a claim for breach of contract against the Settling Defendants, jointly and severally, to recover the entire unpaid balance of the Settlement Amount, together with all accrued interest thereon at a rate of ten percent (10%) per annum."

b. Under Section 5(b), "[u]pon any Default, the entire unpaid balance of the Settlement Amount, together with all accrued interest thereon, shall become immediately due and payable without further notice or demand."

c. Under Section 5(c), "[i]n the event Plaintiffs are required to commence any legal proceeding to enforce this Settlement and Release following a Default, the Settling Defendants shall be liable for all of Plaintiffs' reasonable attorneys' fees, costs, and expenses incurred in connection with such enforcement."

d. Under Section 5(d), upon the occurrence of a Default, Plaintiffs' obligations under Section 6 (Non-Disparagement) and Section 7

(Confidentiality) are "immediately and automatically extinguished and shall be of no further force or effect as to Plaintiffs."

23. Section 13 of the Settlement Agreement provides that it "and any and all disputes arising out of or relating to this Settlement and Release will be governed by and construed under the laws of the State of Florida without regard to the conflict of laws principles of that state," and that each Party irrevocably submits to the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

**C. Defendants' Default**

24. Plaintiffs have fully performed all of their obligations under the Settlement Agreement, or such obligations have been excused, waived, or have not yet become due.

25. Defendants have not paid any portion of the Settlement Amount. The three-week deadline for payment under Section 1 expired on May 14, 2026, and Defendants have failed to remit the $1,548,000.00 Settlement Amount, or any part of it, to Plaintiffs.

26. Defendants' non-payment constitutes a Default under Section 5 of the Settlement Agreement and a material breach of the Settlement Agreement.

27. Pursuant to Section 5(b), the entire unpaid balance of the Settlement Amount, together with all accrued interest at ten percent (10%) per annum, has been accelerated and is immediately due and payable, without further notice or demand.

28. As a direct and proximate result of Defendants' breach, Plaintiffs have been required to incur attorneys' fees, costs, and expenses to commence this enforcement action, all of which are recoverable from Defendants under Section 5(c) of the Settlement Agreement.

### Count I – Breach of Contract (Against All Defendants)

29. Plaintiffs incorporate by reference and reallege each of the foregoing paragraphs as if fully set forth herein.

30. The Settlement Agreement is a valid, binding, and enforceable written contract between Plaintiffs and Defendants. It is supported by adequate consideration, including Plaintiffs' covenant not to sue, withdrawal of claims, and mutual releases set forth therein.

31. Plaintiffs have fully performed all conditions, covenants, and obligations required of them under the Settlement Agreement, or such performance has been excused, waived, or has not yet become due.

32. Defendants materially breached the Settlement Agreement by failing to pay the $1,548,000.00 Settlement Amount, or any portion thereof, within three (3) weeks of the Effective Date as required by Section 1.

33.    Defendants' non-payment constitutes a Default under Section 5(a) of the Settlement Agreement, giving rise to Plaintiffs' express contractual right to pursue a claim for breach of contract against Defendants, jointly and severally, to recover the entire unpaid balance of the Settlement Amount, together with accrued interest at ten percent (10%) per annum.

34.    Pursuant to Section 5(c), Defendants are liable for all of Plaintiffs' reasonable attorneys' fees, costs, and expenses incurred in connection with this enforcement action.

35.    As a direct and proximate result of Defendants' breach, Plaintiffs have suffered damages in the amount of $1,548,000.00, plus accrued interest at ten percent (10%) per annum, plus attorneys' fees, costs, and expenses incurred in enforcing the Settlement Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, as follows:

A. Awarding Plaintiffs the entire unpaid balance of the Settlement Amount in the amount of $1,548,000.00;

B. Awarding Plaintiffs accrued interest on the unpaid balance of the Settlement Amount at the contractual rate of ten percent (10%) per annum from the date of Default through the date of judgment;

C. Awarding Plaintiffs their reasonable attorneys' fees, costs, and expenses incurred in connection with this enforcement action pursuant to Section 5(c) of the Settlement Agreement;

D. Awarding Plaintiffs pre-judgment and post-judgment interest at the maximum rate allowed by law; and

E. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**CROKE, FAIRCHILD, DUARTE & BERES LLC**

*/s/ David Jorgensen*
David Jorgensen
(pro hac vice forthcoming)
Michael D. Claus
(pro hac vice forthcoming)
Croke, Fairchild, Duarte & Beres
191 N. Wacker Dr., 31st Floor
Chicago, Illinois 60606
(312) 650-8650
mclaus@crokefairchild.com
djorgensen@crokefairchild.com

*Counsel for Plaintiffs*

*/s/ Michael A. Tessitore II*
**JEFFREY S. ELKINS, ESQ.**
Florida Bar No. 0043775
Primary E-Mail: jelkins@shutts.com
Secondary E-Mail: egutierrez@shutts.com
**MICHAEL A. TESSITORE II, ESQ.**
Florida Bar No. 1018986
Primary E-Mail: mtessitore@shutts.com
Secondary E-Mail: sseiter@shutts.com
**SHUTTS & BOWEN, LLP**
300 S. Orange Avenue, Suite 1600
Orlando, Florida 32801
T: (407) 835-6767; F: (407) 425-8316

*Counsel for Plaintiffs*