UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARTI HINES ET AL.,

Plaintiffs,

v. Case No. 6:26-cv-1230-CEM-CAB

FAIRFIELD ATLANTIC INC. ET AL.,

Defendants.

---

**ORDER**

This cause comes before the Court on Plaintiffs' Motion for Default Final Judgment Against Defendants Fairfield Atlantic, Inc. ("Fairfield Atlantic") and Fairfield Associates LP ("Fairfield Associates"), filed on September 22, 2026 (Doc. 27) (the "Motion"). For the reasons set forth below, Plaintiffs' Motion will be denied without prejudice.

**I. Background**

This is a breach of contract action filed by Plaintiffs Marti Hines, 200 John St LLC, and the H Collective, Inc., primarily relating to a written Settlement and Release Agreement (the "Settlement Agreement") that Plaintiffs entered into with four Defendants in April 2026. (*See* Doc. 1 at 6–10) (the "Complaint"). In their Motion, Plaintiffs allege to have entered into two separate but related agreements with Defendants in December 2025: (1) "a Limited Partnership Agreement under which

Plaintiffs committed to invest $123,000 in Fairfield Associates"; and (2) a "Marketing Commitment Letter executed by Fairfield Media Partners LLC," ("Fairfield Media'), "and Joseph Profit," two additional Defendants in this case not the subject of Plaintiffs' present Motion, "under which Fairfield agreed to provide $1,400,000 in marketing funding for Plaintiffs' documentary film . . . ." (Doc. 27 at 2). Plaintiffs contend that they "fully funded their $123,000 capital commitment," but that Defendants "shirk[ed] their [contractual] responsibility to fund the documentary" for a period of several months. (*Id.*)

After Plaintiffs sent a draft complaint to Defendants alleging fraud and breach of contract, the parties apparently entered into a written Settlement Agreement with one another on April 23, 2026. (*Id.* at 3–4). Within their Complaint filed with the Court on June 6, 2024, Plaintiffs set forth several aspects of this Settlement Agreement that are relevant to their arguments in the present Motion, specifically that:

> 20. Section 1 of the Settlement Agreement requires that Defendants, "jointly and severally, shall pay to Plaintiffs a total of $1,548,000.00 . . . consisting of: (i) $1,523,000.00, representing the base settlement for the resolution of the Dispute; and (ii) $25,000.00, representing reimbursement of attorney's fees incurred by Plaintiffs as a result of the Settling Defendants' delays in payment." Section 1 further provides that "[p]ayment of the Settlement Amount must be completed in full no later than three . . . weeks following the Effective Date," by wire transfer to Plaintiffs[;]
>
> 21. The three-week deadline for payment of the Settlement Amount fell on May 14, 2026[; and]
>
> 22. Section 5 of the Settlement Agreement defines a failure to timely make any payment required under Section 1 as a

"Default" and sets fort a series of remedies upon Default. Specifically:

a. Under Section 5(a), "[n]onpayment of the Amount shall constitute a material breach of this Settlement and Release, and Plaintiffs shall have the right to pursue a claim for breach of contract against the Settling Defendants, jointly and severally, to recover the entire unpaid balance of the Settlement Amount, together with all accrued interest thereon at a rate of ten percent (10%) per annum."

b. Under Section 5(b), "[u]pon any Default, the entire unpaid balance of the Settlement Amount, together with all accrued interest thereon, shall become immediately due and payable without further notice or demand."

c. Under Section 5(c), "[i]n the event Plaintiffs are required to commence any legal proceeding to enforce this Settlement and Release following a Default, the Settling Defendants shall be liable for all of Plaintiffs' reasonable attorneys' fees, costs, and expenses incurred in connection with such enforcement."

(Doc. 1 ¶¶ 20–22). According to Plaintiffs' Motion, even though Plaintiffs have "fully performed all of their obligations under the Settlement Agreement," Defendants have thus-far failed to remit the $1,548,000.00 that is allegedly owed to Plaintiffs pursuant to the Settlement Agreement.

On August 21, 2026, Plaintiffs filed a Motion for Entry of Default by the Clerk against Defendants Fairfield Atlantic and Fairfield Associates, establishing that these two Defendants had been served with a copy of the Complaint and Summons, but had

not responded as required by law. (Doc. 20 at 2). A default was accordingly entered by the Clerk against these two Defendants four days later on August 24, 2026. (Doc. 23). Plaintiffs now move for default judgment against both Fairfield Associates and Fairfield Atlantic on their breach of contract claims. Critically, however, entry of default was never made, nor has it been sought by Plaintiffs, as to Defendants Fairfield Media and Joseph Profit. A default judgment thus would not be appropriate at this time of the litigation, as set forth below.

## II. Standard

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in and of itself, warrant the Court's entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pled allegations of fact. *Id.* Thus, before entering a default judgment for damages, "the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original).

"Typically, a court may enter a default judgment when the complaint presents a sufficient basis for relief." *Cardinale v. Wang*, No. 6:21-cv-379-ACC-GJK, 2021 WL 7543624, at *1 (M.D. Fla. Sep. 13, 2021) (citing Fed. R. Civ. P. 55(b)). "A sufficient basis exists when the complaint's well-pled factual allegations state a plausible claim

for relief." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)). Pursuant to Federal Rule of Civil Procedure 54(b), however, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "A just reason for delay exists when a default judgment would create a risk of inconsistent judgments." *Cardinale,* 2021 WL 7543624, at *2 (citing *Frow v. De La Vega*, 82 U.S. 553, 554 (1872); *Akbik v. Abdul-Hakeem*, No. 8:18-cv-511-EAK-AAS, 2018 WL 6790259, at *1 (M.D. Fla. Sep. 21, 2018)).

## III. Discussion

Plaintiffs' Motion broadly argues that they are entitled to entry of Final Default Judgment against Defendants Fairfield Atlantic and Fairfield Associates, "for breach of contract." (Doc. 27 at 6). More specifically, Plaintiffs contend that: (1) "the record[] shows a valid contract and Defendants' material breach thereof;" (2) "Plaintiffs sufficiently allege a liquidated sum of damages;" and (3) "Plaintiffs sufficiently allege entitlement to reasonable attorneys' fees, expenses, and costs." (*Id.* at 6–9). While Plaintiffs' arguments might merit evaluation in a future motion, the Court determines them to be premature at this stage of the litigation.

The Court notes that, although none of the four Defendants have yet to enter notices of appearance in the present case, Plaintiffs continue to engage in efforts to serve Defendants Fairfield Media and Joseph Profit. (*See* Doc. 29). Because litigation is yet ongoing as to these two particular Defendants, and because the Clerk has only entered defaults as to Defendants Fairfield Atlantic and Fairfield Media, (*see* Doc. 23),

granting default judgment now would create a risk of inconsistent judgments. *See* Fed. R. Civ. P. 54(b); *Cardinale*, 2021 WL 7543624, at *1. Moreover, the factual allegations underlying Plaintiffs' claims against Defendants Fairfield Atlantic and Fairfield Associates appear inherently intertwined with Plaintiffs' allegations against Defendants Fairfield Media and Joseph Profit, further exacerbating the risk of inconsistent judgments were the Court to rule in favor of Plaintiffs' Motion here today. (*See* Doc. 1 at 5–11).

For these reasons, the Court finds that Plaintiffs' Motion is due to be denied without prejudice. Should Plaintiffs elect to file a renewed motion for default final judgment in the future, they may do so at an appropriate time.

## IV. Conclusion

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Default Final Judgment Against Defendants Fairfield Atlantic, Inc. and Fairfield Associates LP (Doc. 27) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties