UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARTI HINES ET AL.,

Plaintiffs,

v. Case No. 6:26-cv-1230-CEM-CAB

FAIRFIELD ATLANTIC INC. ET AL.,

Defendants.

---

**ORDER**

This cause comes before the Court on Plaintiffs' Motion for Leave to Effect Alternative Service Upon Defendants Joseph Profit and Fairfield Media Partners, LLC, and Motion for Enlargement of Time to Effect Service of Process, filed on October 14, 2026 (Doc. 29) (the "Motion"). Upon consideration, and for the reasons set forth below, the Motion will be granted in part and denied in part. The Motion will be denied without prejudice insofar as it requests authorization for alternative means of service through email. The Motion will be granted insofar as it seeks an additional 30 days to effect service.

**I. Background**

Plaintiffs initiated suit against all Defendants in a Complaint filed with the Court on June 4, 2026, alleging breach of contract. (Doc. 1). The present Motion specifically pertains to two such Defendants, those being Fairfield Media Partners,

LLC ("Fairfield Media"), and Joseph Profit, whom Plaintiffs throughout their Motion portray to be a corporate officer of Fairfield Media. (*See* Doc. 29). Plaintiffs further represent that they drafted the underlying settlement agreement giving rise to this action in coordination with Profit, with the parties exchanging communications through Profit's known email address. (*Id.* at 4).

According to Plaintiffs, soon after filing their Complaint, they hired a process server who "promptly perfected service of process" upon the two remaining Defendants in this case, those being Fairfield Atlantic, Inc., and Fairfield Associates, L.P., who Plaintiffs make clear are not subjects of the present Motion. (*Id.* at 2). Plaintiffs contend that their process server was unable to serve Profit because Profit's last known Georgia address, at which service was attempted, was ultimately found by the process server to be vacant. (*Id.*). Plaintiffs assert that they then "paid for a PeopleMap Report professional search to be conducted to locate additional potential addresses at which to attempt service of process upon [Profit]," which revealed three additional possible addresses associated with Profit throughout the State of Georgia. (*Id.* at 2–3). Plaintiffs note that their process server attempted to serve Profit at each of these addresses multiple times, but that they have thus far been unable to serve Profit, as he was "not present" at any of these locations whenever the process server attempted to serve him. (*Id.*) Plaintiffs additionally represent that they have "reached out to [Profit]" via his known email address "to determine if he would agree to accept service of process, or to coordinate the address at which Plaintiffs could effectuate service of process, but [that Profit] has not responded to Plaintiffs' e-mails." (*Id.* at 4).

As specifically pertains to Defendant Fairfield Media, Plaintiffs further contend in their Motion that "Fairfield Media designated its registered agent on the Georgia Corporations Division's website as being [an individual named] Clyde Lane," whose address was represented as being "5 Concourse Parkway, Atlanta, GA, 30328, USA." (*Id.* at 3). However, when Plaintiffs' process server attempted to serve Mr. Lane at this address, the process server was informed that "Mr. Lane d[id] not work or reside at that address, and that Fairfield Media did not use that address to conduct business." (*Id.*)

**II. Standard**

Generally speaking, "[a] court must ensure that the method of service [utilized] is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Nguyen v. Chase*, No. 8:24-cv-1566-KKM-TGW, 2024 WL 5169897, at *2 (M.D. Fla. Dec. 19, 2024) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "The decision to approve service by alternative means lies within the Court's discretion." *InkGraph Techno, LLC v. Tripathy*, No. 8:20-cv-2554-SCB-JSS, 2021 WL 1047467, at *1 (M.D. Fla. Feb. 8, 2021).

The procedure for serving an individual within a judicial district of the United States is set forth in Federal Rule of Civil Procedure 4(e). Specifically, Rule 4(e)(1) specifies that service on an individual may occur by "following state law for serving a summons in an action brought in courts of general jurisdiction ***in the state where the***

***district court is located or where service is made***." Fed. R. Civ. P. 4(e)(1) (emphasis added). Additionally, Federal Rule of Civil Procedure 4(h) establishes the procedure for serving a domestic or foreign corporation. A corporation may be properly served in a judicial district of the United States: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual;" or "(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A).

Moreover, Federal Rule of Civil Procedure 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

## III. Discussion

In their Motion, Plaintiffs argue that they should be granted leave to serve both Defendants Profit and Fairfield Media via email, as this "proposed method of service is within the Court's discretion," "not prohibited by the Federal Rules of Civil Procedure," and "would satisfy due process, as Plaintiffs have communicated with Defendants at the [designated] e-mail address," jprofit@fairfieldatlantic.com, "prior to the filing of this [l]awsuit." (Doc. 29 at 1–2, 6). Additionally, Plaintiffs request that

the Court "enlarg[e] the time for Plaintiffs to serve Defendants via e-mail by five . . . days from the date of the Order granting th[eir] Motion," and direct Plaintiffs "to file a certificate of service once Defendants have been served by e-mail." (*Id.* at 6). "In the alternative, if the Court does not permit service by e-mail," Plaintiffs request "enlarging the time for Plaintiffs to obtain service on Defendant[s] by other means for thirty . . . days." (*Id.*)

In their Complaint, Plaintiffs, who themselves appear to be a collection of individuals and entities residing or otherwise conducting business in the State of Florida, represent the following pertinent information as specifically pertains to Defendants Fairfield Media and Profit: (1) "Defendant Fairfield Media Partners LLC is a limited liability company organized under the laws of Delaware, with its principal place of business allegedly at 3455 Peachtree Road, Suite 500, Atlanta, Georgia 30326;" and (2) "Defendant Joseph Profit is an individual who, upon information and belief, resides in the State of Georgia. Profit allegedly serves as the Managing Director of Fairfield Atlantic, Inc. and Managing Member of Fairfield Media Partners LLC." (Doc. 1 at 3 ¶¶ 9, 11). Pursuant to Federal Rule of Civil Procedure 4(e)(1) and 4(h)(1)(A), the service of process rules of Florida and/or Georgia govern Plaintiffs' Motion, with Florida being the state where this Court is located and Georgia constituting the state where Plaintiffs seek to effectuate service upon both Defendants.

Plaintiffs contend in their Motion that "Florida courts have allowed a defendant to be served with initial process by e-mail after numerous attempts at formal service were made and where there was evidence that the defendant used the e-mail address

by which service was made," citing only to *Wepard Corp. Ltd. v. Diaz, Reus & Targ, LLP*, 428 So. 3d 198 (Fla. 3d DCA 2026) in support of their assertion. (Doc. 29 at 5). While applying Florida state law to the plaintiff's alternative service motion, the Court in *Wepard* explicitly permitted email service pursuant to Florida Statute § 48.197. *See* 428 So. 3d at 203. That statute specifically applies to service made in a foreign country, and provides, in pertinent part, that:

> (1) Service of process ***may be effectuated in a foreign country upon a party***, other than a minor or an incompetent person, as provided in any of the following:
>
> . . . .
>
> (c) Pursuant to motion and order by the court, by other means, including electronically by e-mail or other technology, which the party seeking service shows is reasonably calculated to give actual notice of the proceedings and is not prohibited by international agreement, as the court orders.

Fla. Stat. § 48.197(1)(c) (emphasis added).

As neither Defendant Fairfield Media nor Profit are parties Plaintiffs represent to currently be located in a foreign country, the Court finds the holding in *Wepard* to be inapplicable to Plaintiffs' Motion. The Court further notes that "courts have [generally] expressed doubt that 'Florida's substituted-service statute allows for service by email.'" *Smith v. Fla. Health Advisors, Inc.*, No. 5:25-cv-558-PGB-PRL, 2026 WL 369384, at *4 (M.D. Fla. Feb. 10, 2026) (quoting *Johnson as trustee of Levar Curtis Johnson Trust v. Eleftherio*, No. 24-cv-23366-ALTMAN, 2024 WL 5085839, at *9 n.3

(S.D. Fla. Dec. 12, 2024)); *see also Bodner v. Thunderbird Prod. Corp.*, No. 5:19-cv-351-TKW-MJF, 2019 WL 13154859, at *1 (N.D. Fla. Oct. 28, 2019) (stating that "Florida law does not provide for service of process by email"); *Walker v. Bubbly Brands, LLC*, No. 1:20-cv-03348, 2021 WL 3291333, at *2 (N.D. Ga. Aug. 2, 2021) (refusing to allow email service on a defendant located in Florida because the "Florida rules do not provide a mechanism for service of process by email").

Plaintiffs' Motion further asserts that "Federal District courts within the Eleventh Circuit have also found service of process by e-mail to be permissible under similar circumstances." (Doc. 29 at 5–6). However, none of the cases to which Plaintiffs cite for this proposition apply or otherwise analyze the specific service of process rules of either Florida or Georgia. *See Glob. Impex, Inc. v. Specialty Fibers LLC*, 77 F. Supp. 3d 1268, 1270–71 (N.D. Ga. 2015) (applying California state law to the plaintiff's motion to allow service of process by email); *Signature Flight Support LLC v. Cella*, No. 5:25-CV-469-GAP-PRL, 2025 WL 2443693, at *3–*5 (M.D. Fla. Aug. 25, 2025) (applying California and Maryland state law to the plaintiff's motion for leave to serve via electronic mail and other alternative means); *Power Crown Ltd. v. Andryukhina*, No. 1:21-CV-24361-JLK, 2022 WL 22942913, at *1–*2 (finding that service of process by email was not a violation of the Hague Convention or Fed. R. Civ. P. 4(f)(1) when used to serve an individual in a foreign country). Plaintiffs have failed to adequately establish applicable Florida or Georgia state law that permits the specific service of process they now seek to effectuate against Defendants Fairfield Media and Profit.

Plaintiffs alternatively request that the Court enlarge the time to obtain service on Defendants "by other means" for thirty days. (Doc. 29 at 5). The Court credits Plaintiffs' representations regarding the steps they have taken to attempt to serve the remaining Defendants, and to make contact with them via email. (Doc. 29 at 2–5). In addition, given that the other Defendants in the case have had defaults entered against them, no party should suffer undue prejudice by one additional 30-day extension of the service deadline. The Court will accordingly allow Plaintiffs an additional 30 days from the date of this Order to serve Defendants Joseph Profit and Fairfield Media Partners, LLC.

## IV. Conclusion

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Leave to Effect Alternative Service Upon Defendants Joseph Profit and Fairfield Media Partners, LLC, and Motion for Enlargement of Time to Effect Service of Process (Doc. 29) is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. Plaintiffs shall effectuate service on Defendants Joseph Profit and Fairfield Media Partners, LLC on or before November 30, 2026. Plaintiffs' request for authorization to effectuate alternative service on Defendants Joseph Profit and Fairfield Media Partners, LLC is denied without prejudice.

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties